**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Lolita Payne, et al., | 2:26-cv-00513-GMN-MDC |
| Plaintiff(s), | **ORDER** |
| vs. | |
| Scott Dorn, et al., | |
| Defendant(s). | |

Defendants filed a *Motion to Compel* ("Motion") (ECF No. 1) and the parties later filed a *Stipulation Regarding Discovery Dispute* ("Stipulation") (ECF No. 6) pursuant to the Court's Standing Order. The Court has reviewed the Stipulation. *ECF No. 6*. The Court **GRANTS AND DENIES** the stipulation in part. The Court **ADOPTS** the defendants' compromise proposal (ECF No. 5 at 6) because the subpoena seeks information relevant to a claim or defense. MoveDocs.com LLC's ("MoveDocs") objections are **OVERRULED**. MoveDocs is compelled to respond to the subpoena within twenty-one days of this Order. The Court **FURTHER ORDERS** that the parties must meet and confer regarding entering a protective order pertaining to confidential information within twenty-one days of this Order. The Court also **DENIES** the Motion as moot. *ECF No. 1*.

I.     BACKGROUND

This is a personal injury case regarding a car accident in federal court in Illinois. The discovery dispute pertains to a subpoena the defendants sent to MoveDocs which is a Nevada company. *ECF No. 5*. Defendants seek documentation about one of the plaintiffs, Lolita Payne from MoveDocs. MoveDocs has substantially complied with defendants' prior subpoena by producing hundreds of pages of responsive documents, including all communications in MoveDocs's possession relating to Payne's medical treatment and the litigation. *ECF No. 5 at 4*. MoveDocs objects to providing details about their business relationship with plaintiff's providers. *Id. at 3*. MoveDocs argues that the

contracts are confidential. *Id*. Defendant argues that the requested documents are relevant to a claim or defense such as bias. *Id. at 5.*

## II.    LEGAL STANDARD

Federal Rules of Civil Procedure 45(d) and 26 govern the court's enforcement of nonparty subpoenas. Rule 45 provides that a party may command a non-party to produce designated documents in that person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). The place of compliance must be within 100 miles of where the subpoenaed nonparty regularly transacts business. See FRCP 45(c)(2). The scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1). *Proficio Mortg. Ventures, LLC. v. Fed. Sav. Bank*, 2016 U.S. Dist. LEXIS 50355, 2016 WL 1465333, at *3 (D. Nev. Apr. 14, 2016). Rule 26 allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense.  The party resisting discovery bears the burden of persuasion. *U.S. Equal Emp't Opportunity Comm'n v. Caesars Entm't, Inc*., 237 F.R.D. 428, 432 (D. Nev. 2006). The relevancy standard for Rule 26 also applies to third-party subpoenas. *Beinin v. Ctr. for Study of Popular Culture*, 2007 U.S. Dist. LEXIS 22518, 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007).

## III.    ANALYSIS

MoveDocs is a limited liability company organized under Nevada laws and based in Las Vegas, NV. Since compliance would have to take place within 100 miles of MoveDoc headquarters, the defendants' motion is properly before this Court. FRCP 45(d)(2)(B)(i). Defendants rely on *ML Healthcare Services, LLC v. Publix Super Markets, Inc*., 881 F.3d 1293, 1302 (11th Cir. 2018)("ML Healthcare"), which held that payment arrangements between the third party and the medical provider were relevant to show bias. In that case, the third party was referring patients to the medical providers and then purchasing accounts receivable at a discount. The defendant in that case argued that the medical providers are beholden to the third party: they are willing to testify favorably at trial to

continue obtaining referrals. This suggests that a verdict for a plaintiff is profitable to the third party, which in turn results in additional referrals to medical providers. *Id*. ML Healthcare also held that this information was relevant for purposes of impeachment. *Id*. Defendants argue that a similar incentive at play in ML Healthcare exists in this case.

ML Healthcare has been both cited favorably and distinguished in this district. See *Alvarado-Herrera v. Acuity A Mut. Ins. Co*., No. 2:22-cv-00438-CDS-NJK, 2022 U.S. Dist. LEXIS 235093, at *3 (D. Nev. Nov. 8, 2022)(Citing favorably to ML Healthcare and finding that similar evidence regarding relationship between plaintiff's lawyer and doctors was relevant); but contrast with *In re Subpoenas to Medport LA, LLC*, No. 2:20-cv-00552-JAD-BNW, 2020 U.S. Dist. LEXIS 116895, at *5 (D. Nev. July 1, 2020)(ML Healthcare distinguished as to amount of fees but finding the corporate relationship and arrangement to be relevant).

The Court agrees with the defendants that the subpoena seeks information relevant to the claim or defense of bias. A medical expert can be questioned about fee arrangements, prior testimony for the same party, and financial interest in the outcome of the case. See e.g. *ML Healthcare Services, LLC v. Publix Super Mkts*., Inc., 881 F.3d 1293, 1302 (11th Cir. 2018) ("Thus, for its business model to flourish, ML Healthcare needs the plaintiffs whom it subsidizes to win their lawsuits."). MoveDocs argues that the information at issue is not relevant for discovery purposes, but discovery is broad pursuant to Rule 26. Plaintiff seeks to recover significant damages based on medical treatment and the defendants should be able to explore the relationship between the lawyers, the doctors, and the third-party MoveDocs. The Court finds that information regarding potential inflation of medical bills and potential bias is relevant in this case.

MoveDocs argue that the subpoena's document requests are also not proportional to the needs of this case because of the confidential nature of the information being sought. *ECF No. 5 at 3*. The Court adopts the defendants' compromise position, which includes their agreement to negotiate a

protective order to protect MoveDoc's concerns about confidentiality. The Court thus finds that the subpoena seeks documents that are both relevant and proportional here and orders the parties to negotiate a protective order.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *parties Stipulation Regarding Discovery Dispute* ("Stipulation") (ECF No. 6) is **GRANTED AND DENIED IN PART**.

2. The Court **ADOPTS** the defendants' compromise proposal (ECF No. 5 at 6) because the subpoena seeks information relevant to a claim or defense.

3. MoveDocs's objections are **OVERRULED.**

4. MoveDocs is compelled to respond to the subpoena by **April 23, 2026.**

5. The parties must meet-and-confer to negotiate a protective order by **April 23, 2026.**

6. The defendants' Motion to Compel (ECF No. 1) is DENIED as moot.

DATED: April 7, 2026

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge